## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | BK Case No. 17-03403 |
| FIDDLER, GONZALEZ & RODRIGUEZ, PSC,<br>Debtor | |
| ———————————————————— | |
| NOREEN WISCOVITCH-RENTAS, as Chapter 7 Trustee of the Debtor, FIDDLER, GONZALEZ & RODRIGUEZ, PSC, | Adversary No. 19-00299 |
| Plaintiff, | |
| v. | |
| JULIO L. AGUIRRE, ET AL., | |
| Defendants. | |

### ANSWER TO COMPLAINT

**COMES NOW** defendant, **Julio L. Aguirre ("Aguirre"** or **"Defendant")**, through counsel, and very respectfully answers the "Adversary Complaint to Avoid and Recover Avoidable Transfers and Other Relief" filed by plaintiff Noreen Wiscovitch- Rentas ("Plaintiff") as Trustee for the Estate of Fiddler, Gonzalez & Rodriguez, PSC ("FGR"), by responding and averring as follows:

### INTRODUCTION

1.      The allegations contained in paragraph 1 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

2.    The allegations contained in paragraph 2 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

3.    The allegations contained in paragraph 3 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

4.    The allegations contained in paragraph 4 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

## THE PARTIES

5.    From paragraph 5 of the Complaint, it is admitted that Plaintiff is the duly appointed Chapter 7 trustee of the bankruptcy estate of FGR. The remainder of the allegations in paragraph 5 of the Complaint are denied.

6.    The allegations contained in paragraph 6 of the Complaint are denied.

7.    The allegations contained in paragraph 7 of the Complaint are denied.

## BACKGROUND

8.    The allegations contained in paragraph 8 of the Complaint are denied as drafted. FGR's bankruptcy petition, as well as any schedules and amendments thereto, speak for themselves.

9.    The allegations contained in paragraph 9 of the Complaint are denied. Specifically, Defendant affirmatively avers that FGR was not insolvent by 2013, as alleged in the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

11.     The allegations contained in paragraph 11 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

12.     The allegations contained in paragraph 12 of the Complaint are denied.

13.     The allegations contained in paragraph 13 of the Complaint are denied.

## THE TRANSFERS AT ISSUE

14.     The allegations contained in paragraph 14 of the Complaint are denied.

## THE CLAIMS AT ISSUE

### Count I - Avoidance of Avoidable Transfers
### Pursuant to 11 U.S.C. § 547, 548 and 550

15.     The allegations contained in paragraph 15 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

16.     The allegations contained in paragraph 16 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

17.     The allegations contained in paragraph 17 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

18.     The allegations contained in paragraph 18 of the Complaint are denied.

19.     The allegations contained in paragraph 19 of the Complaint are denied.

20.     The allegations contained in paragraph 20 of the Complaint are denied.

21.     The allegations contained in paragraph 21 of the Complaint are denied.

22.     The allegations contained in paragraph 22 of the Complaint are denied.

The prayer for relief contained in Count I of the Complaint is denied.

## Count II - Rescission of Transfers Pursuant to
## 11 U.S.C. § 544(b) and Art. 1243(3) of Puerto Rico's Civil Code

23.      The allegations contained in paragraph 23 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

24.      The allegations contained in paragraph 24 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

25.      The allegations contained in paragraph 25 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

26.      The allegations contained in paragraph 26 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

27.      The allegations contained in paragraph 27 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

28.      The allegations contained in paragraph 28 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

29.      The allegations contained in paragraph 29 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

30.     The allegations contained in paragraph 30 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

31.     The allegations contained in paragraph 31 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied. Article 1251 of Puerto Rico's Civil Code is wholly inapplicable in this case as a matter of law.

32.     The allegations contained in paragraph 32 of the Complaint are denied.

33.     The allegations contained in paragraph 33 of the Complaint are denied.

34.     The allegations contained in paragraph 34 of the Complaint are denied.

35.     The allegations contained in paragraph 35 of the complaint are denied.

36.     The allegations contained in paragraph 36 of the Complaint are denied.

The prayer for relief contained in Count II of the Complaint is denied.

## Count III - Turnover of Property
## Pursuant to 11 U.S.C. § 542

37.     The allegations contained in paragraph 37 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

38.     The allegations contained in paragraph 38 of the Complaint are denied.

39.     The allegations contained in paragraph 39 of the Complaint are denied.

40.     The allegations contained in paragraph 40 of the Complaint are denied as drafted. The "Transfers," as defined in the Complaint, are not avoidable.

The prayer for relief contained in Count III of the Complaint is denied.

## Count IV - Objection to Claim

41.     The allegations contained in paragraph 41 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

42.     The allegations contained in paragraph 42 of the Complaint are denied.

43.      The allegations contained in paragraph 43 of the Complaint are denied.

The prayer for relief contained in Count IV of the Complaint is denied.

## Count V - Subordination of Claims

44.     The allegations contained in paragraph 44 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

45.     The allegations contained in paragraph 45 of the Complaint are denied.

46.     The allegations contained in paragraph 46 of the Complaint consist of legal conclusions or matters of law for which no response from Defendant is required. To the extent a response is required, this paragraph is denied.

47.     The allegations contained in paragraph 47 of the Complaint are denied.

The prayer for relief contained in Count V of the Complaint is denied.

## Count VI - Relief Against Conjugal Partner Defendants

48.     The allegations contained in paragraph 48 of the Complaint do not require a response from Defendant. Defendant incorporates each and every preceding responsive allegation as if fully stated herein.

49.     The allegations contained in paragraph 49 of the Complaint are denied.

The prayer for relief contained in Count VI of the Complaint is denied.

## RESERVATION OF RIGHTS

50.     The allegations contained in paragraph 50 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

1.      Defendant incorporates herein by reference all denials and averments contained in the preceding answer and makes them form part of these affirmative defenses.

2.      The Complaint fails to state a cause of action upon which relief can be granted.

3.      Plaintiff's claims are barred by accord and satisfaction, settlement, collateral estoppel, equitable estoppel, res judicata, issue preclusion, unclean hands, laches, statute of limitations, Plaintiff's own conduct, statute of frauds, and/or waiver.

4.      Plaintiff's Complaint fails to meet the pleading standards of Federal Rules of Bankruptcy Procedure 7008 and 7009. In particular, plaintiff has failed to meet minimal pleading requirements set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), whereas claims of fraud are not pled as required by Rule 7009.

5.      Defendant was not an insider at FGR at the time the relevant transfers were allegedly made.

6.      Debtor was not insolvent at the time the alleged transfers were made.

7.      Plaintiff's claims under Section 547 of the Bankruptcy Code are time-barred.

8.      Plaintiff's claims are barred by Section 547(c) of the Bankruptcy Code. 11 U.S.C. §547(c).

9.      Any transfers allegedly made were made to be a contemporaneous exchange for new value given to the debtor.

10.     Any transfers allegedly made were made in the ordinary course or financial affairs of the debtor and the transferee and made according to ordinary business terms.

11.     Plaintiff's claims under Section 548 of the Bankruptcy Code are time-barred.

12.     Any alleged transfers were not made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became indebted.

13.     Debtor received reasonably equivalent value in exchange for any transfer allegedly made.

14.     Debtor was not insolvent on the date that the alleged transfers were made or the obligation to make such transfers was incurred, and did not become insolvent as a result of such transfers or obligations.

15.     At the time the alleged transfers were made or the obligation to make such transfers was incurred, debtor was not engaged in any business or a transaction, and was not about to engage in any business or a transaction, for which any property remaining with the debtor was an unreasonably small capital.

16.     At the time the alleged transfers were made or the obligation to make such transfers was incurred debtor did not intend to incur, or believed it would incur, in debts that would be beyond the debtor's ability to pay as such debts matured.

17.     Debtor did not make any allegedly avoidable transfers for the benefit of an insider.

18.     Plaintiff has failed to plead and lacks evidence of actual fraud or constructive fraud.

19.     Plaintiff has failed to plead and lacks evidence of intent to defraud on behalf of debtor and/or Defendant.

20.     The debtor received reasonably equivalent value for any and all alleged transfers made.

8

21.     Plaintiff's claims under Section 544(b) of the Bankruptcy Code are time-barred.

22.     Plaintiff's claims are time-barred under Puerto Rico law.

23.     Plaintiff has failed to show that any unsecured creditor holds a valid claim to avoid any alleged transfers under Puerto Rico law.

24.     Any alleged transfers were made pursuant to a valid contract under Puerto Rico law and such contract had the required object, consent and consideration as required by applicable law.

25.     Rescission of contracts under Puerto Rico law requires proof of fraudulent intent by both the transferor and the transferee. Such proof is lacking in this case.

26.     Puerto Rico law creates a presumption that contracts have valuable consideration. Art. 1229 of the Civil Code of Puerto Rico, 31 P.R. Laws. Ann. § 3434. Plaintiff has not rebutted said presumption.

27.     Under Puerto Rico law, the action for rescission is a subsidiary one; it may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury. Art. 1246 of the Civil Code of Puerto Rico, 31 P.R. Laws. Ann. § 3495. Plaintiff has failed met to meet this burden.

28.     Plaintiff's claims fail to meet the requirements to bring a successful action for rescission under Puerto Rico law.

29.     Setoff rights pass through bankruptcy unaffected. Defendant reserves any and all setoff rights available.

30.     Defendant has not filed any claim against debtor.

31.     Upon information and belief, any alleged injury suffered by Plaintiff was not proximately caused by any intentional or negligent action or omission of Defendant.

32.     Defendant's actions do not in any way constitute a willful, malicious, bad faith, intentional, deliberate or fraudulent acts, in violation of any provisions of the Bankruptcy Code or the Civil Code of Puerto Rico.

33.     Defendant, at all times, acted according to law and in good faith in the performance of its duties and any agreements between the parties.

34.     The agreements and written communications between the parties speak for themselves.

35.     Plaintiff has not suffered actual damages.

36.     Plaintiff did not mitigate any alleged damages.

37.     Upon information and belief, the damages alleged in the Complaint were caused, in whole or in part, by the Plaintiff's own actions or omissions.

38.     Unjust enrichment.

39.     Judicial estoppel.

40.     Defendant contends that Plaintiff's damages, if any, are grossly exaggerated.

41.     The allegations in this case, as they pertain to Defendant, do not justify awarding costs or attorney's fees to Plaintiff.

42.     Assumption of risk.

43.     Lack of indispensable parties.

44.     The docket entries referred to in the Complaint speak for themselves.

45.     Third parties not included and/or not know at this time are or may be liable to Plaintiff for the allegations in the Complaint and not Defendant.

46.     Plaintiff is estopped from bringing this action.

47.     Plaintiff's conduct, in the handling and filing of this case, is one of obstinacy, contumacy and temerity. The Court should grant all defense costs, expenses and reasonable attorneys' fees to Defendant.

48.     Defendant hereby reserves the right to amend the pleadings, to bring any other party as a third-party defendant, and to raise any other affirmative defenses as result of the discovery proceedings in this case.

**WHEREFORE** Defendant respectfully requests from this Honorable Court to dismiss the Complaint with prejudice, and to grant attorney's fees and costs in favor of Defendant.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 5th day of August, 2019.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/José L. Ramírez-Coll**
JOSÉ L. RAMÍREZ-COLL
USDC-PR No. 221702